[Civ. No. 16815. First Dist., Div. One. June 28, 1956.]

HARRY T. HANOVER, Respondent, v. A. A. McCAUSLAND, Appellant.

Ferrari & Ferrari and Louis Ferrari, Jr., for Appellant.

Reginald G. Hearn for Respondent.

AGEE, J. pro. tem.*—Plaintiff and defendant entered into a joint venture for the purpose of buying 12 government surplus buses. Defendant was to arrange for reconditioning and resale and plaintiff was to furnish the financing. Trouble developed and plaintiff filed this action for dissolution of the joint venture and an accounting thereof. Defendant filed an answer and a cross-complaint which contained two common counts for money. The trial court refused to allow the introduction of any evidence on these counts on the ground that they related to and were based upon ventures other than the bus transaction. Judgment was entered in favor of plaintiff, ordering dissolution of the joint venture and approving the accounting of the referee previously appointed by the trial court. Defendant appeals from the judgment.

Appellant states: "The Honorable Trial Court, upon learning that appellant was to appear *in propria persona*, showed concern for his interest, and advised him that it would be better if he were represented by an attorney. In many instances, the Court was liberal in making allowances for McCausland's unfamiliarity with legal procedure. However, it is apparent that as the trial progressed, a definite animus against McCausland was acquired." This last statement is not borne out by the record. The comments complained of were admonitions to appellant to stop being evasive while on the witness stand and to answer the questions asked of him without "bickering." There was no jury present and ap-

*Assigned by Chairman of Judicial Council.

pellant suffered no harm by such comments. In fact, he would have helped his case if he had followed the court's admonitions. Two comments made by respondent's counsel and one made by counsel for a defendant who was dismissed during the trial are criticised by appellant. It is unnecessary to set them forth here. It is inconceivable that such comments in any way affected the trial judge.

Appellant next contends that the trial court erred in refusing to allow him "to introduce evidence in support of his cross-complaint by showing that respondent owed him the sums prayed for therein as a result of *other* ventures in which Hanover and McCausland were parties as part of their general association." (Emphasis added.) Our attention has not been called to any authority which supports appellant's contention. Section 442 of the Code of Civil Procedure provides: "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the . . . transaction, . . . upon which the action is brought, . . . he may, in addition to his answer, file at the same time, . . . a cross-complaint." The trend in recent years has been to give a rather broad interpretation to the "transaction" clause. ■ However, as stated in 2 Witkin, California Procedure, page 1582: "Even under the liberal test, however, it is still not enough to show that convenience will result from a trial of the cross-claims between the same parties in one action. This may be sufficient for a motion to consolidate (*supra*, § 155), but the right to file a cross-complaint still depends upon its relation to the claim on which the suit is brought." (See also *Frazure* v. *Fitzpatrick*, 21 Cal.2d 851, 859-860 [136 P.2d 566].)

■ The trial court found, in accordance with the referee's report, that respondent had disbursed, to and including November 1, 1954, the total sum of $8,271.64. Respondent was credited with this entire amount even though he admitted having received $1,364.30 from the sale of what was referred to as the "De Lorenzo Bus." The figure of $8,271.64 was obviously taken by the referee from a statement submitted by respondent entitled, "Money Advanced From Harry T. Hanover on Bus Deal to November 1st, 1954." At the trial, held in April, 1954, respondent's bookkeeper produced a similar statement covering the same items and testified that respondent's disbursements up to and including April 21, 1954, totaled $8,121.91. This statement acknowledges receipt by respondent of $1,364.30 from the sale of the

"De Lorenzo Bus" and shows, at the end, *net* disbursements of $6,757.61. This statement was admitted in evidence. The statement of November 1, 1954, was added to the record by stipulation. The mistake in accounting is obvious. The referee failed to debit respondent with the $1,364.30 and the trial court, in adopting his report, carried this same mistake into the judgment. ■ Appellant contends that the referee also erroneously failed to debit respondent with the sum of $1,674.73 and with several lesser sums totaling approximately $200. This contention is without merit. The referee properly found the total amount advanced by respondent on behalf of the joint venture regardless of the source from which respondent advanced the money. These two sums were advanced by respondent from sources other than the joint venture special account. Respondent then drew checks on the special account in his favor for the sums thus advanced. The only effect of this was to charge the special account with these advancements. Respondent was entitled to reimbursement of all advancements charged to the special account, and the referee properly refused to charge him with having been reimbursed for these amounts.

The judgment was signed November 10, 1954. Clause 2 thereof provides: "That plaintiff is hereby credited with contributions unto the joint venture to the date hereof in the sum of $8,271.64." This amount should be reduced by $1,364.30 and changed to $6,907.34. As so modified, the judgment is affirmed.

Bray, Acting P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1956.